UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
GLORIA VAUGHN,                     )
                                   )   2:06-cv-1223-GEB-DAD
              Plaintiff,           )
                                   )   ORDER
     v.                            )
                                   )
WASHINGTON MUTUAL BROKERAGE        )
HOLDINGS INC.; VICTORY PARKING;    )
and DOES 1 through 100, inclusive, )
                                   )
              Defendants.          )
                                   )
```

        Defendant Washington Mutual Brokerage Holdings, Inc.'s Notice of Removal, which includes Plaintiff's Complaint, reveals removal was ostensibly based on federal question jurisdiction since Plaintiff alleges "claims purporting to arise under [the Americans with Disabilities Act] . . . ." (Notice of Removal at 3.)  But the only reference to the Americans with Disabilities Act ("ADA") in Plaintiff's Complaint is in Plaintiff's claim for violation of the Unruh Civil Rights Act.[1]  (Notice of Removal Ex. B. at 10-13.) Plaintiff explains in that claim that the Unruh Civil Rights Act

---

[1] Plaintiff makes a passing reference to the ADA in her seventh cause of action, a request for declaratory relief, but only insofar as it was "adopted by and incorporated into the Unruh Act."  (Notice of Removal Ex. B at 18.)

1

"expressly incorporates the ADA, and a violation of the right of a disabled individual under the ADA also constitutes a violation of the Unruh Act." (Notice of Removal Ex. B at 11.)  This allegation does not justify removal since "[f]ederal-question jurisdiction is not created merely because a violation of federal law is an element of a state law [statutory] claim." Wander v. Kaus, 304 F.3d 856, 857 (9th Cir. 2002).

Therefore, this case is remanded to the Superior Court of California, located in the County of Sacramento.

IT IS SO ORDERED.

Dated: August 31, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge